VILLAGE OF CHESTER, Respondent, v. KANTOD PARK ASSOCIATION, INC., Appellant.— In an action to enjoin the defendant Association from withdrawing water from Walton Lake in the Town of Monroe, County of Orange, and from maintaining pipes, water mains and other means of withdrawing such water, and to compel the defendant to remove its existing pipe or water main, the plaintiff village claiming it has the exclusive right to the water in said lake, the defendant appeals from so much of an order of the Supreme Court, Orange County, dated August 31, 1960, as dismissed, without leave to replead, the third and fifth separate affirmative defenses pleaded in its answer, on the ground that it appears on their face that they do not state facts sufficient to constitute a defense to the action. In its answer defendant had pleaded six separate affirmative defenses. Plaintiff moved, under rule 109 of the Rules of Civil Practice, to strike out all the defenses as patently insufficient. The order appealed from granted the motion but permitted defendant to replead as to all the defenses *except* the third and fifth. Pursuant to the order, defendant already has served an amended answer accordingly. This appeal is confined to the sufficiency of the third and fifth defenses as to which defendant was not given leave to replead. Order modified by adding a paragraph granting leave to defendant, within 20 days after entry of the order hereon, to serve a second amended answer repleading its third and fifth defenses. As so modified, order, insofar as appealed from, affirmed, without costs. As this is an action for equitable relief, all the facts which may preclude the grant of such relief are pertinent and should be clearly stated. Defendant, however, has pleaded conclusions rather than facts in support of its third defense that plaintiff " comes into court with unclean hands and is estopped from obtaining the equitable relief which it seeks;" and in support of its fifth defense that plaintiff " suffers no damage by reason of defendant's withdrawal of water." To support the claim of estoppel, facts should be alleged showing in what manner and to what extent defendant relied on plaintiff's inconsistent conduct and was prejudiced thereby. To support the claim that plaintiff suffers no damage by reason of defendant's

withdrawal of water, plaintiff should allege the facts giving rise to such claim or conclusion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.